UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AURORA RODRIGUEZ-PEREZ,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br><br>DWIGHT NEVEN, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:19-cv-00939-RFB-NJK<br><br>SCREENING ORDER |

Plaintiff, who is in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 1-1). Plaintiff also has filed a motion for appointment of counsel. (ECF No. 2). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and addresses the motion for appointment of counsel.

**I.　SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is

1

immune from such relief. See id. § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). While

the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while she was incarcerated at Florence McClure Women's Correctional Center ("FMWCC"). (ECF No. 1-1 at 1). Plaintiff sues Director Zurenda, Warden Neven, AWP Garcia, AWP Oliver, and correctional officers Howard, Herrera, McCarter, Cato, Bui, Patterson, and Penafel. (ECF No. 1-1 at 1-5). She alleges one counts and seeks monetary damages. (Id. at 6, 10).

3

The complaint alleges the following: In May of 2018, Plaintiff got "rolled up" to go to Unit 4. (Id. at 5.). She had sent out her laundry on May 20, to be returned on May 21. (Id.) Her laundry items were clothes that she had bought herself. (Id. at 5-6). Plaintiff's laundry ended up being lost. (Id.) When Plaintiff went back to the unit, the officers said that the laundry made it back to the unit, but they did not know where it was. (Id. at 5). All the paperwork from the laundry also was misplaced, so there was nothing showing that the laundry got back to the unit. (Id.) Since then, Plaintiff's laundry has been lost. (Id. at 6).

Plaintiff alleges that this conduct violated her "right to keep her property safe." (Id.) The Court construes the allegations as a Fourteenth Amendment due process claim.

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, a negligent deprivation of property is not actionable and an intentional unauthorized deprivation of property by a prison official is not actionable if a meaningful post-deprivation remedy is available for the loss. Daniels v. Williams, 474 U.S. 327(1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982); Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Here, Plaintiff appears to allege that her property was lost due to negligence, which does not and cannot form the basis for a due process claim. Even if the Court were to construe the Complaint to allege that her property was stolen, Plaintiff still could not state a colorable due process claim because the State of Nevada provides Plaintiff with a meaningful post-deprivation remedy for this type of loss. See Nev. Rev. Stat. § 41.0322 (setting forth guidelines for actions by persons in custody of the NDOC to recover compensation for loss or injury). Therefore, the Court dismisses this claim with prejudice, as amendment would be futile.

## III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel. (ECF No. 2). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. "Neither of these considerations is dispositive and instead must be viewed together." Id. In the instant case, the issues are simple, and Plaintiff does not and cannot state a colorable due process claim, much less show a likelihood of success. Therefore, the Court does not find exceptional circumstances that warrant the appointment of counsel. Accordingly, the Court denies the motion for appointment of counsel.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is GRANTED. The Clerk of Court **SHALL FILE** the complaint. (ECF No. 1-1). Plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to

5

the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Aurora Rodriguez-Perez, #1090026 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that the entire complaint is dismissed with prejudice, as amendment would be futile.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (ECF No. 2) is denied.

**IT IS FURTHER ORDERED** that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and close this case.

DATED THIS 4th day of February, 2020.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE